In re SUBPOENA ISSUED TO
Dennis FRIEDMAN, Esq.

Pertaining to: United States District
Court District of Delaware

In re Hechinger Investment Company
of Delaware, Inc., et al., Debtors.

The Official Committee of Unsecured
Creditors Of Hechinger Investment
Co. of Delaware, Inc., et al. on behalf
of Hechinger Investment Company of
Delaware, Inc., et al., Plaintiff,

v.

Fleet Retail Finance Group,
Inc., et al., Defendants.

Misc. No. M8–85.
Bankruptcy Nos. 99–2261(PJW)
to 99–2283(PJW).
Adversary No. 00–840–RRM.

United States District Court,
S.D. New York.

Dec. 10, 2002.

Mark D. Collins, Wilmington, DE, for Hechinger Inv. Co. of Delaware, Inc.

## DECISION

MILTON POLLACK, Senior District Judge.

The defendants, former directors of a Delaware Company now in bankruptcy, have moved for an Order quashing the subpoena duces tecum issued in this District by the Liquidation Trust of the Company (the "Trust"). The Trust seeks to compel the testimony of counsel who formerly represented the bankrupt company and the members of its board of directors in complicated financial transactions in 1997, two years before the bankruptcy.

The moving party's Amended Complaint alleges that the former directors breached their fiduciary duties by voting in favor of a 1997 merger transaction. Plaintiff seeks to obtain the legal advice provided by the subpoenaed attorney concerning this transaction. Plaintiff has already conducted 26 depositions to date and obtained hundreds of thousands of pages of documents during the course of discovery and intends to schedule several more depositions. Although the deposed parties contended that the information sought is protected by the attorney-client privilege, they nevertheless answered all of the plaintiff's questions on this matter pursuant to a non-waiver agreement with the plaintiff. The testimony of the directors established that the subpoenaed counsel discussed the 1997 transaction with the board and outside directors of the Company.

In response to the claim of attorney-client privilege, plaintiff obtained a waiver thereof in connection with documents held by opposing counsel, citing *Commodity Futures Trading Comm'n v. Weintraub,* 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985). Plaintiff contends that the same principle applies to the proposed deposition of adverse counsel. Although the Trust, as a bankruptcy trustee, may waive the attorney-client privilege between an attorney and a corporation's management, deposing one of the company's attorneys in this case is not the sole practical means of obtaining information on the subject of the attorney's advice to the defendants. Courts in this district have appropriately required the party seeking depositions of opposing counsel to first attempt to obtain information by written interrogatories. For this reason and the reasons appearing hereafter, this Court will quash the subpoena for oral testimony and allow the Trust to serve interrogatories addressed to counsel, subject to appropriate objections, if any, other than privilege and excessiveness of discovery.

## I. THE PARTIES

Dennis Friedman, while an attorney at Chadbourne & Parke, represented Hechinger Investment Co. of Delaware, Inc. ("Hechinger") in connection with a 1997

multi-billion dollar combination of Hechinger and Builders Square, two home improvement retail businesses that went bankrupt after the transaction. Mr. Friedman subsequently left Chadbourne to join Gibson, Dunn & Crutcher LLP ("GDC"), taking all transaction documents with him. The Liquidation Trust (the "Trust") of Hechinger Investment Company of Delaware, Inc. and its affiliated debtors (the "Debtors") was created under a Bankruptcy Court order of October 5, 2001, effective October 26, 2001, and has succeeded to the rights to prosecute this lawsuit from Plaintiff Official Committee of Unsecured Creditors (the "Committee") of Hechinger Investment Company of Delaware, Inc. and its affiliated debtors. The Trust now seeks to depose Mr. Friedman in connection with the transaction.

## II. THE PROCEDURAL BASIS

On June 11, 1999, the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. In 2000, an adversary proceeding was brought by the Committee, and in April of 2001, the former directors and officers of Hechinger (the "Hechinger Defendants") were added to the adversary proceeding. The only claims remaining against the Hechinger Defendants center on breach of fiduciary duty.

On June 9, 2001, counsel for the Debtors wrote to the attorneys of GDC requesting that all documents in the firm's and counsels' possession relating to their prior representation of the Debtors be turned over. On August 3, 2001, GDC refused to produce all the documents requested on the basis of attorney-client privilege and attorney work product. The Trust then filed a motion pursuant to § 542(e) in the Bankruptcy Court to compel GDC to turn over privileged documents. During a hearing on March 22, 2002, Judge Walsh (of Delaware) referred the matter to the Delaware District Court for a ruling on the Trust's authority to waive the privilege. The question was referred to a Magistrate Judge of the Court. In a Memorandum Order dated October 31, 2002, United States Magistrate Judge Thynge held that the Trust controls Hechinger's privileges applicable to its communications with, and applicable to the work product of, its attorneys, including Dennis Friedman, Esq., and ordered the Hechinger Defendants and their counsel (GDC) to produce all files in issue by November 21, 2002.

The parties came before this Court on November 12, 2002 in Part I, pursuant to a motion to quash a subpoena to depose Dennis Friedman, Esq. As plaintiff had already deposed almost all officers and directors of the company, this Court ordered the plaintiff to submit written interrogatories covering all questions that would otherwise have been dealt with by oral deposition. Decision on the motion to quash was held in abeyance during this time. The plaintiff submitted a list of subject matter interrogatories on its proposed deposition of Mr. Friedman for the court's review. It now asks the Court to deny the motion to quash and direct Mr. Friedman to appear for deposition on the subjects set forth in the outline of the interrogatories.

## III. DISCUSSION

### A. THE BANKRUPTCY TRUSTEE MAY WAIVE ANY PRIVILEGE

■ As found by the Magistrate Judge, the Bankruptcy Trustee controls the attorney-client privilege and may thus choose to waive the privilege. *See In re Hechinger Investment Co. of Delaware*, 285 B.R. 601 (D.Del.2002). This holding was based on

the Supreme Court's decision in *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 105 S.Ct. 1986, 85 L.Ed.2d 372 (1985), in which the Supreme Court held that the attorney-client privilege belonging to a brokerage firm could be waived by a trustee-in-bankruptcy. Although the Courts have been more reluctant to allow a bankruptcy trustee to waive the privilege in cases where waiver may have an adverse effect on an individual bankrupt, former officers and directors cannot show a separate privilege in themselves unless they have requested that matters be kept confidential from the corporation or where an attorney was giving legal advice to them as individuals. *See Odmark v. Westside Bancorp., Inc.*, 636 F.Supp. 552, 554–56 (W.D.Wash.1986).

In this case, the proposed questions go only to the attorney-client privilege pertaining to the 1997 transaction and not to GDC's current representation of the Hechinger Defendants. Moreover, the former officers and directors have not asserted that Mr. Friedman offered them individual legal advice on matters that were to be kept confidential from the corporation. This Court finds that the plaintiff, as holder of the privilege, may waive it in this instance.

### B. TAKING OPPOSING COUNSEL'S DEPOSITION IS NOT APPROPRIATE AT THIS STAGE

■ In this district, Courts will permit the deposition of an opposing party's attorney only if (1) no other means exist to obtain the information; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case. *See Pereira v. United Jersey Bank*, No. 94 Civ. 1565, 94 Civ. 1844, 1997 WL 773716, at *7 (S.D.N.Y. Dec.11, 1997) (Preska, J.) (citing *Shelton v.*

*Am. Motors Corp.*, 805 F.2d 1323 (8th Cir.1986)).

### 1. The information sought is relevant, non-privileged and crucial

This Court's decision to request written interrogatories was based not only on questions of whether the matters to be discussed were privileged, but on whether the matters would be repetitive or dilatory. Specifically, the Court referred to the fact that the plaintiffs had the opportunity to depose and did depose almost all directors and officers of the company on the contents of Board meetings at which they and Mr. Friedman were present.

■ Plaintiff contends, however, that Mr. Friedman is in a different position from the Hechinger Defendants, and thus may offer different testimony. The Hechinger Defendants have claimed that they should be insulated from liability for decisions taken during the 1997 transaction by Delaware's "business judgment rule." One of the fiduciary duties of directors of an insolvent corporation, and indeed, a corporation near insolvency, is to take account of the interests of the corporation's creditors in business decisions. *See Odyssey Partners, L.P. v. Fleming Companies, Inc.*, 735 A.2d 386, 417–18 (Del.Ch.1999); *In re Buckhead America Corp.*, 178 B.R. 956, 968 (D.Del.1994); *Credit Lyonnais Bank Nederland, N.V. v. Pathe Communications Corp.*, Civ. A. No. 12150, 1991 WL 277613, *36, mem. op. at 84 & n. 55 (Del. Ch., Dec. 30, 1991) (Unreported Decision).

The Hechinger Defendants contend that based on Mr. Friedman's legal advice, they fully satisfied their fiduciary duties, had no conflicts of interest, and acted with the required due care in considering the transaction. The Hechinger Defendants state that at Mr. Friedman's direction, the Board specifically considered the interests of Hechinger's creditors in evaluating the

merits of the proposed transaction. According to the plaintiff, this assertion is contrary to the minutes taken at such Board meetings and to the Proxy statement prepared by Mr. Friedman and filed with the SEC in 1997.

 Where an attorney's advice is used by the client as a defense, taking the deposition of adversary counsel is appropriate. *See In re County of Orange,* 208 B.R. 117, 121 (Bankr.S.D.N.Y.1997) (Gallet, J.). This is especially so when the inquiry does not concern current litigation strategies. *See id.* at 121–22. By proposing a defense of the Delaware business judgment rule, the directors have created the situation where their attorney's advice is both relevant and possibly crucial to the plaintiff's preparation of its case. As noted above, the information is also non-privileged, as the plaintiff as Bankruptcy Trustee is in a position to waive the privilege. *See* supra part A.

### 2. Other means exist to obtain the information

While director depositions may be the best way to obtain some of the information sought in the interrogatories, if there is a divergence of interest, the only way to find out the attorney's advice may be to inquire directly of the attorney. Yet the party seeking a deposition of opposing counsel "must demonstrate that the deposition is the only practical means of obtaining the information. Other methods, such as written interrogatories, should be employed." *See Pereira v. United Jersey Bank,* 1997 WL 773716, at *8. This in fact is exactly what this Court initially ordered the plaintiff to do. Plaintiff was to submit written interrogatories to the defendant. Instead, plaintiff served broad subject matter interrogatories on proposed topics but not specific interrogatories. Without having served specific written interrogatories, under the facts and circumstances of this case and according to decisions in this district, the plaintiff has not shown that an oral deposition is the only practical means of obtaining the information it seeks.

### IV. CONCLUSION

The Trust may waive the attorney-client privilege that would otherwise protect conversations between Mr. Friedman and the Board members during the 1997 transaction. And, as the testimony of Mr. Friedman and that of the Board members may possibly differ, it is not unreasonable for the Trust to seek to depose Mr. Friedman. However, the Trust should first show that an oral deposition is the only practical means of obtaining information from an opposing counsel. The Trust has failed to do so; it has failed to serve the specific written interrogatories directed by the Court. Written interrogatories appear to be called for in this instance, and accordingly the subpoena is quashed. Specific written interrogatories will be allowed to be served concerning Mr. Friedman's advice regarding the business judgment rule and the obligations of the directors as fiduciaries.

**SO ORDERED.**